[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Stamford, Connecticut, on September 5, 1987. They are currently living separate and apart. One child was born to the plaintiff wife ("wife') since the date of the marriage, a daughter, CHELSEA R. GRANT, born April 5, 1993. No other children have been born the wife, but the defendant husband ("husband") has another daughter by a previous marriage.
The husband is forty-six (46) years old and is a Communications Technician with ATT where he has worked for approximately thirty years. He is a salaried employee and earns $54,000 per year. He testified that he has rheumatoid arthritis as well as another health condition, unspecified, for which he is currently taking medication, and which is, according to his treating physician, under control. The husband testified that he will need the medication for another seven months, and that there are no restrictions on his driving. He is covered by health insurance through his employment, as well as a pension, a 401(k) plan, and company stock.
The wife is forty-four (44) years old and currently works as a Pharmaceutical Sales Representative. She earns a base annual salary of $40,000 and is eligible for a quarterly bonus based upon sales. She anticipates a bonus of $2000 for the past quarter. In addition, her job carries with it some perks, including a car, gas, and insurance. The wife has worked outside of the home throughout the marriage, with the exception of a six-month period following the birth of their child. She returned to full-time work in 1998. At her last employer, she earned about $47,000 per year. She is covered by a health insurance policy with her employer. As to her health, she testified that at one time she suffered from post-partem depression, and that her husband was not supportive. In addition, she has recently been involved in three automobile accidents and a slip and fall for which there are some legal actions pending. She has a college degree. She does not participate in a retirement plan.
The principal asset of the marriage are the net proceeds from the sale of the former jointly-held marital residence at 55 Kenilworth Drive West, Stamford, Connecticut, in the amount of $193,000. The husband and wife testified at some length regarding their respective contributions to the purchase, maintenance, and improvements to the home, including the CT Page 13859 use of the proceeds from the sale of their joint condominium. The mortgage was refinanced in 1996 as "smart mortgage" with at least two payments due during the month. During the pendency of this case, the mortgage went into foreclosure. The mortgage was reinstated through the sole effort and expense of the wife, and this factor remains a significant bone of contention for her. The house has been sold, and the net proceeds therefrom in the amount of $193,000 are currently being held in escrow. The parties each received modest inheritances during the marriage. In addition to home furnishings, the husband testified as to his ivory collection which he brought to the marriage, as well as a portrait of his two daughters, ownership of which is in dispute.
The parties testified extensively as to the breakdown of the marriage, most of it conflicting. The two major issues revolve around finances and allegations regarding the husband's use of alcohol. The wife testified that the husband wrote all the checks and was "controlling" as to the amount of money available for household expenses. She testified that he deposited a portion of his paycheck while she deposited her entire paycheck on a regular basis. The husband indicated that the wife's spending was out of control, in particular credit card purchases. There is a considerable amount of credit card debt, most of which was incurred by the wife. On the other hand, she testified that she had to resort to credit cards just to make ends meet. She further testified that she stopped using the cards in 1997, however, on cross examination, she told the court that she had to stop using them since the maximum credit limit had been reached. The court heard testimony from the wife alleging an alcohol and/or drug problem of the husband, who was twice in rehab for alcohol and convicted of driving while under the influence. She described his behavior as "moody" and unpredictable. He, on the other hand, testified that he has not had an alcohol related conviction since the birth of the daughter, and he denies any current drug/alcohol use.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-81, 46b-82, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That it has jurisdiction.
 2. That the allegations of the complaint, as orally amended at trial to correct the date of marriage, are proven and true.
3. That the marriage of the parties has broken down irretrievably, and CT Page 13860 that ample evidence exists that both parties have contributed to said breakdown.
 4. That both parties have demonstrated their earning capacity and ability to support themselves, and that therefore an award of periodic alimony to either is not warranted.
 5. That as of the date of the hearing before this court, the un-reimbursed medical expenses for the minor child totaled $2926.33.
 6. That a portion of the credit card debt was incurred by the wife for family purposes, and that it would be equitable and appropriate to apply a portion of the net proceeds from the sale of the jointly-owned real estate to the reduction of this debt.
 7. That each party has made significant contributions to the purchase, improvement, and maintenance of the marital real estate, and that, in addition, the wife has expended at least $11,000 toward the reinstatement of the existing mortgage, and that it would be equitable and appropriate to take this into consideration in dividing the net proceeds from the sale of same now held in escrow.
 8. That the husband has a child by a previous marriage, but that no evidence was introduced as to her age and the amount of his current support obligation, if any; and that based upon the evidence before this court, the presumptive level of basic child support is $145.
 9. The parties have entered into a Stipulation and Agreement dated August 28, 2000, as well as a Supplement to Stipulation and Agreement dated September 15, 2000, both of which the court finds to be fair and equitable, in large part, and the court hereby incorporates portions thereof in this decree where indicated.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmarried.
 2. The husband and wife shall have joint legal custody of the minor child, CHELSEA GRANT, born April 5, 1993. The physical custody of the minor child shall be with the wife, subject to the reasonable, CT Page 13861 liberal and flexible visitation rights of the husband. Initial visitation with the husband shall be in accordance with Paragraphs 2.A. through and including 2.P. of the Stipulation and Agreement dated August 28, 2000, as amended by the Supplement to Stipulation and Agreement dated September 15, 2000, and at such other times as the parties may agree. The husband shall be responsible for transporting the minor child during the exercise of his visitation. In addition, the parties shall share the Christmas holiday as follows:
 A. In even-numbered years commencing with the year 2000, the minor child shall spend Christmas Eve with the husband from 10:00 A.M. to 9:00 P.M., and Christmas Day with the wife; and
 B. In odd-numbered years commencing with the year 2001, the minor child shall spend Christmas Eve with the wife from 10:00 A.M. to 9:00 P.M., and Christmas Day with the husband.
The parties shall consult with one another concerning all major issues involving the minor child, including but not limited to, health, education, and religious affiliation and training. In the event that parties are unable to agree upon any issue regarding custody and/or appropriate visitation, they shall first bring the matter to the Family Relations Office prior to a determination by the Court.
3. Support:
 A. Child Support and Day Care — Commencing November 17, 2000, and weekly thereafter, the husband shall pay to the wife the sum of $145.00 as and for basic child support for the minor child. In the event that the child is still in high school upon reaching her eighteenth birthday, then in that event, any child support order shall continue until the child reaches the age of nineteen years or the first day of the first month following her graduation from high school, whichever shall sooner occur pursuant to Section 46b-84 (b) C.G.S. In addition, the husband shall pay to the wife 40% of the actual day care (including extended day care) expenses incurred by her for the previous month, within CT Page 13862 seven (7) days after she presents a copy of the statement to him.
 B. School — Each of the parties shall be liable for one-half (1/2) of the parochial school tuition commencing with the school year beginning September 2000.
 C. Summer Camp — Each of the parties shall be responsible for one-half (1/2) of the summer camp expenses of the minor child at Our Lady Star of the Sea or similar program, commencing with the summer of 2001.
4. No alimony is awarded to either party.
 5. The net proceeds from the sale of the jointly-owned real estate located at 55 Kenilworth Drive West, Stamford, Connecticut, amounting to $193,000, together with any accrued interest thereon, which are currently held is escrow by the husband's attorney, shall be divided as follows. From the net proceeds shall be paid:
 A. the current indebtedness to Our Lady Star of the Sea for a total of approximately $1900 for tuition and summer camp for the minor child;
 B. the sum of $20,000 to be applied by the wife to the credit card debt as shown on her financial affidavit.
 C. The outstanding unreimbursed medical bills for the minor child. The
The balance shall be divided 40% to the husband and 60% to the wife. In addition, the wife shall be entitled to claim the entire deduction for mortgage interest and real estate taxes on the former marital home at 55 Kenilworth Drive West, Stamford, Connecticut, on her state and federal income tax returns for the year 2000.
6. The personal property shall be divided as follows:
 A. Each party shall be entitled to keep the automobile which they are currently driving free and clear of any claims by the other, and each party shall cooperate with the other regarding the CT Page 13863 execution of any documentation necessary to transfer and/or register same.
 B. The husband shall be entitled to those items of personal property and home furnishings as set forth in Paragraph 3. of the Stipulation and Agreement dated August 28, 2000. Except as set forth herein, the wife shall be entitled to the remaining home furnishings.
 C. The husband shall be entitled to keep the ivory collection free and clear of any claims by the wife.
 D. The wife shall be entitled to keep the aviation collection free and clear of any claims by the husband.
 E. The husband shall be entitled to keep the portrait of his two daughters free and clear of any claims by the wife.
 F. The wife shall be entitled to the proceeds of any personal injury actions free and clear of any claims by the husband.
 G. The wife shall be entitled to keep her jewelry, including but not limited to, the pearl necklace, pearl bracelet, and cameo pin, free and clear of any claims by the husband.
 H. The husband shall retain ownership of the 7.5 shares of ATT stock as shown on his financial affidavit.
7. The retirement accounts shall be divided as follows:
A. As to the ATT 401(k) Plan:
 In the event that the current balance is $3,500 or less, the husband shall pay to the wife from his share of the net proceeds from the sale of the real estate, a sum equal to one-half (1/2) of the 401(k) balance within seven (7) days from the date of this Memorandum of Decision. In the event that the current balance is greater than $3500, effective as of the date of this Memorandum of Decision, the then balance of the 401k ("Plan") of the husband through his employer, together with any interest and/or additions accrued thereon as of the actual date of distribution, shall be divided by means of a Qualified Domestic Relations Order ("QDRO") which shall be prepared by the wife's attorney, 50% to the husband and 50% to the wife. Any benefit vesting and accruing thereafter shall belong to the husband. The wife and her attorney shall be entitled to any and all information regarding the Plan necessary to CT Page 13864 the preparation and filing of the QDRO, including, but not limited to prior and current balances and prior account activity. No withdrawals, distributions, or transfers shall be made regarding the Plan except as consistent with this order. The Court shall retain jurisdiction to deal with any issues which may arise with regard to the preparation and filing of the QDRO and the division of the Plan.
B. As to the ATT Pension:
 Effective as of the date of this Memorandum of Decision, that portion of the ATT Pension Plan ("Plan")of the husband through his employer and vested and accrued as of the date of this Memorandum of Decision, shall be divided by means of a Qualified Domestic Relations Order ("QDRO") which shall be prepared by the wife's attorney, 50% to the husband and 50% to the wife. Unless the parties shall otherwise agree, the husband shall elect a joint and survivor annuity, and in the event that the husband shall predecease the wife prior to drawing his pension, the wife shall be entitled to 100% of that portion of the survivor benefit vested and accrued as of the date of this Memorandum of Decision. Any benefit vesting and accruing thereafter shall belong to the husband. The wife and her attorney shall be entitled to any and all information regarding the Plan necessary to the preparation and filing of the QDRO. The Court shall retain jurisdiction to deal with any issues which may arise with regard to the preparation and filing of the QDRO and the division of the Plan.
 C. Any attorney fees and costs incurred in the preparation and filing of the QDRO's shall be born equally by the parties.
 8. The wife shall maintain and pay for health insurance for the minor child so long as the husband shall be obligated to pay child support, provided that such insurance is available as an incident of her employment and available to her at reasonable cost. The husband shall also maintain and pay for health insurance for the minor child so long as he has an obligation to pay child support provided such insurance is available as an incident of his employment and available to him at reasonable cost. The wife's policy shall be considered primary. Un-reimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child, including such expenses due and owing as of the date of this Memorandum of Decision, shall be divided by the parties 55% by the wife and 45% by the husband. The provisions of Section 46b-84 (e) shall apply. CT Page 13865
 9. The husband shall maintain the existing Metropolitan term life insurance policy and shall designate the minor child as beneficiary in the amount of $125,000, for so long as he has an obligation to pay child support under the terms of this decree. The wife shall maintain the existing group term life insurance policy in the amount of $40,000 so long as same is an incident of her employment and available to her at reasonable cost, and she shall designate the minor child as beneficiary in that amount for so long as the husband has an obligation to pay child support under the terms of this decree.
 10. Except as otherwise set forth herein, the parties shall be responsible for the debts as shown on their respective financial affidavits.
 11. The parties shall alternate the use of the personal exemption for the minor child on their state and federal income tax returns commencing with the husband in the tax year 2000 and each even-numbered year thereafter. The wife shall be entitled to the exemption in odd-numbered years. Each shall promptly execute the necessary documentation and deliver same in a timely manner to the other for filing with the IRS and/or state taxing authority on an annual basis.
 12. The Court hereby orders an Immediate Wage Withholding Order pursuant to Section 52-362 C.G.S. in order to secure the payment of the basic child support order. He shall reimburse the wife for his share of the day care expenses on a monthly basis within seven (7) days after the wife presents him with a copy of the actual charges for the previous month.
 THE COURT SHAY, JUDGE
CT Page 13866